UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

THOMAS J. JEFFREYS,
    *Plaintiff*,

v.

TOWN OF WATERBURY,
    *Defendant.*

No. 3:18-cv-02009 (JAM)

**ORDER GRANTING MOTION TO DISMISS**

Thomas Jeffreys lives in Waterbury, Connecticut, and he owns a 1988 Mustang car. He has filed a complaint *pro se* and *in forma pauperis* against the City of Waterbury alleging that it violated his rights by garnishing money from his bank account to collect amounts he allegedly owed for municipal car taxes.[1] The City has moved to dismiss the complaint on the ground that the federal courts do not have jurisdiction over lawsuits like this one that seeks to challenge the assessment and collection of local taxes. I agree and therefore I will dismiss this action.

**BACKGROUND**

The following facts as alleged in the complaint are accepted as true only for purposes of this ruling. Doc. #1. Thomas Jeffreys lives in Waterbury, Connecticut, and he owns a 1988 Ford Mustang. Jeffreys alleges that from 2011 to 2015 the City wrongfully assessed taxes on his car despite the fact that the car is antique and exempt from taxes. Jeffreys further alleges that the City wrongfully tried to collect the taxes it assessed by garnishing his bank account and by doing so despite the fact that his bank account holds Social Security disability income which is exempt from garnishment.

---

[1] Although Jeffreys formally names the "Town of Waterbury" as the defendant in this case, the Court takes judicial notice that Waterbury is a city—not a town—and refers to it as a city throughout this ruling.

1

Jeffreys has filed this lawsuit for money damages against the City of Waterbury. He alleges that the City violated his rights under the Americans with Disabilities Act, the Civil Rights Act of 1964, and the First, Fifth, and Fourteenth Amendments to the U.S. Constitution. He also alleges that the City violated a state law against the taxation of a car that is more than 20 years old. The City has now moved to dismiss.

## DISCUSSION

Because federal courts are courts of limited jurisdiction, a federal court complaint must at minimum allege facts that give rise to plausible grounds for a court to conclude that it has federal jurisdiction. *See Lapaglia v. Transamerica Cas. Ins. Co.*, 155 F. Supp. 3d 153, 155 (D. Conn. 2016). The pleadings of a *pro se* party must be construed in a non-technical manner to raise the strongest arguments that they suggest. *See, e.g.*, *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156-57 (2d Cir. 2017) (*per curiam*). Still, a *pro se* complaint may not survive dismissal if its factual allegations do not meet the basic plausibility standard. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

The City argues that Jeffreys's complaint should be dismissed because of the federal Tax Injunction Act, which provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The Act applies not only to state taxes but also to local municipal taxes. *See Hibbs v. Winn*, 542 U.S. 88, 100 n.1 (2004). Moreover, although the Act by its terms applies only to prevent a district court's grant of injunctive relief, it is well recognized that parallel principles of comity likewise preclude a federal court from awarding money damages if there is an adequate remedy to be had in state

court. *See Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 424 (2010); *Marshall v. Town of Middlefield*, 360 F. App'x 227, 228 (2d Cir. 2010).

In order to determine whether the Tax Injunction Act or related principles of comity apply to bar an action from proceeding in federal court, a court should ask two questions. First, does the plaintiff's action amount to a challenge to the assessment, levy, or collection of any tax under state or local law? Second, is there an effective remedy that the plaintiff can pursue in the state courts? *See generally Entergy Nuclear Vermont Yankee, LLC v. Shumlin*, 737 F.3d 228, 230-35 (2d Cir. 2013).

As to the first question, it is clear that Jeffreys seeks to challenge the assessment and collection of a local government tax. He complains about the City's assessment of taxes against his car and its collection efforts by means of garnishment of his bank account. This is the type of challenge that the Second Circuit has ruled may not be entertained in the federal district courts. *See Piedmont Gardens, LLC v. LeBlanc*, 733 Fed. Appx. 576, 578 (2d Cir. 2018) (comity bars challenge to "a specific tax collection procedure" involving City of Waterbury's use of a marshal or constable to serve tax warrants, which includes an additional service fee); *Marshall v. Town of Middlefield*, 360 Fed. Appx. 227, 228-29 (2d Cir. 2010) (comity bars challenge to local motor vehicle property tax bill).

As to the second question, the City has shown that state law provides Jeffreys with ample opportunity to challenge the City's assessment and collection of car taxes, as well as to pursue a challenge to the tax-related garnishment of his bank account. *See* Doc. #13 at 7-8, 11-12 (citing Conn. Gen. Stat. §§ 12-118, 12-119, 12-53, 52-367b); *Marshall v. Town of Middlefield*, 360 F. App'x 227, 228-29 (2d Cir. 2010) (describing Conn. Gen. Stat. § 12-119 and § 12-117a to be "multiple methods by which a taxpayer may contest property taxes"); *Baltayan v. Tito*, 2011 WL

2982315, at *2 (D. Conn. 2011) (citing provisions of Connecticut law that allow state court challenges to motor vehicle taxes in a case where a plaintiff challenged a town's garnishment of his bank account). Moreover, as the Second Circuit has noted, "the Connecticut state constitution offers a remedy for deprivation of constitutional rights that is, for all relevant purposes, coextensive with 42 U.S.C. § 1983," and "[t]hese options satisfy comity's requirement of a plain, adequate, and complete remedy." *Piedmont Gardens*, 733 Fed. Appx. at 579 (citing *Roundhouse Const. Corp. v. Telesco Masons Supplies Co., Inc.*, 170 Conn. 155, 157 (1976)).

In short, I am satisfied that the City has established grounds to conclude that there is no federal jurisdiction in this case. It has shown that Jeffreys seeks to challenge the assessment and collection of local taxes. And it has shown that Jeffreys has been afforded an adequate opportunity to raise such challenges in the state courts of Connecticut. Accordingly, I will grant the City's motion to dismiss.

## CONCLUSION

For the reasons set forth above, the City of Waterbury's motion to dismiss (Doc. #12) is GRANTED on the ground that the Court does not have jurisdiction to entertain Jeffreys's challenge to the City's assessment and collection of municipal car taxes.

It is so ordered.

Dated at New Haven this 7th day of October 2019.

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge