UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

THOMAS J. JEFFREYS,
    *Plaintiff*,

    v.

TOWN OF WATERBURY,
    *Defendant*.

No. 3:18-cv-2009 (JAM)

**ORDER DENYING IN PART AND GRANTING IN PART
MOTION FOR EXTENSION OF TIME TO FILE A NOTICE OF APPEAL**

    A losing party in a federal civil action ordinarily has 30 days to file a notice of appeal from a district court's entry of judgment or other appealable order. But plaintiff Thomas J. Jeffreys waited to file his notice of appeal more than two-and-a-half months after entry of judgment and more than a month after denial of his post-judgment motion for reconsideration and relief. He has now moved for an extension of time to file a notice of appeal. I will deny the motion to the extent that Jeffreys seeks to appeal from the judgment. On the other hand, I will grant the motion to the extent that Jeffreys seeks to appeal from denial of his post-judgment motion for reconsideration and relief.

**BACKGROUND**

    Jeffreys filed a complaint *pro se* and *in forma pauperis* against Waterbury, claiming that the city violated his rights by garnishing money from his bank account to collect amounts he allegedly owed for municipal car taxes. On October 7, 2019, I issued a ruling granting Waterbury's motion to dismiss. Doc. #19; *Jeffreys v. Town of Waterbury*, 2019 WL 4957930 (D. Conn. 2019). Judgment entered the following day on October 8, 2019. Doc. #20.

1

On November 21, 2019, the Clerk of Court stamped receipt of and docketed Jeffreys' "Motion for Reconsideration." Doc. #21. The motion sought reconsideration "UNDER FEDERAL RULES 60-B," *id.* at 1, which I interpret to be a motion for relief from judgment under Fed. R. Civ. P. 60(b).[1] On November 27, 2019, I denied the motion for reconsideration and relief from judgment. Doc. #22.[2]

On December 30, 2019, the Clerk of Court stamped receipt of and docketed Jeffreys' notice of appeal. Doc. #24.[3] On that same day, the Clerk of Court also stamped receipt of and docketed Jeffreys' motion for extension of time to file a notice of appeal. Doc. #23. The extension motion cites Jeffreys' health issues as a basis for extension of time: "Good cause health issues. Notified court at beginning of health issues, plus no motor vehicle. Blood pressure was high, a rash and eye appointment + prostrate issues." *Ibid.* (capitalization normalized).

## DISCUSSION

"[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). For a civil case, a notice of appeal generally must be filed within 30 days after entry of the judgment or order appealed from. *See* 28 U.S.C.

---

[1] Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."

[2] Although my order characterized Jeffreys' motion as only a motion for reconsideration, Doc. #22, I would have denied it all the same if I had treated it as a post-judgment motion for relief under Rule 60 and applied the applicable criteria for those motions. *See, e.g.*, *Moreno-Cuevas v. Huntington Learning Ctr.*, 501 F. App'x 64, 66 (2d Cir. 2012) (noting that "both a Rule 60(b) motion and a motion for reconsideration are properly denied where they seek only to relitigate issues already decided").

[3] The notice of appeal confusingly purports to appeal from an order entered by this Court on December 23, 2019. Doc. #24. I did not enter any order on that date and will assume for now that Jeffreys' intention is to appeal either from the Court's earlier judgment against him and/or its denial of his motion for reconsideration and relief from judgment.

§ 2107(a); Fed. R. App. P. 4(a)(1)(A). A district court may grant a motion to extend the time to file a notice of appeal, but its authority to do so is strictly time-limited: it may grant an extension only if a party moves for an extension no later than 30 days *after* a party was otherwise required to have filed a timely notice of appeal. *See* Fed. R. App. P. 4(a)(5)(A)(i). If a party has moved within this 30-day grace period, then a district court may grant an extension motion if the party shows "excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(ii).

So for me to decide if I have authority to grant Jeffreys' motion for an extension of time to file a notice of appeal, I must first begin by ascertaining the date when his notice of appeal was required to be filed. Next, I must determine if Jeffreys has filed his extension motion within the 30-day grace period. If so, then I must consider if Jeffreys has established excusable neglect or good cause to allow for a late-filed notice of appeal.

And there is one more twist. Because an appeal may lie not only from a district court's entry of judgment but also from a district court's later denial of a post-judgment motion for relief, *see, e.g.*, *Ren Yuan Deng v. New York State Office of Mental Health*, 783 F. App'x 72, 73 (2d Cir. 2019) (finding notice of appeal not timely as to judgment but only as to denial of post-judgment motion under Rule 60(b)), I must conduct the analysis twice—first, with respect to whether I should grant an extension of time to appeal from the underlying judgment of October 8, 2019, and second, with respect to whether I should grant an extension of time to appeal from the denial of Jeffreys' post-judgment motion on November 27, 2019.[4]

---

[4] Of course, the extent to which Jeffreys may appeal only from the denial of his post-judgment motion rather than from the judgment itself may have dire consequences for the substantive scope of what issues Jeffreys may pursue on appeal, because "[a]n appeal from the denial of a motion for relief under Rule 60 brings up only the denial of the motion and not the merits of the underlying judgment itself." *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1147 (2d Cir. 1994) (internal quotations omitted); *but see Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 52 (2d Cir. 2019) ("We generally treat an appeal from a denial of a motion for reconsideration that largely renews arguments previously made in the underlying order as bringing up for review the underlying order or judgment."). Any such consequences for the scope of appeal, however, are for the Second Circuit to decide; my role at this juncture is solely to consider the allowability and merits of Jeffreys' motion for extension of time to file an appeal.

*Extension of time to appeal from entry of judgment*

Following my order granting defendants' motion to dismiss, judgment entered on October 8, 2019, and 30 days after judgment was Thursday, November 7, 2019. This means that Jeffreys was required to have filed his notice of appeal from the judgment no later than November 7, 2019.

Having decided that Jeffreys was required to have filed his notice of appeal no later than November 7, 2019, I now consider whether his motion for extension of time to file a notice of appeal was filed within 30 days of that date—that is, by Saturday, December 7, 2019. When a filing deadline falls on a weekend, the federal appellate rules allow for an extension to the next business day. *See* Fed. R. App. P. 26(a)(3)(A). This means that Jeffreys was required to have filed his extension motion no later than Monday, December 9, 2019. It was not. Jeffreys did not file his extension motion until December 30, 2019, which was three weeks later.

My conclusion that Jeffreys did not timely file his extension motion is not altered by the fact that Jeffreys filed a post-judgment motion for relief under Fed. R. Civ. P. 60(b). A Rule 60(b) motion is one of the types of post-judgment motions that may reset the 30-day clock for filing a notice of appeal, but it only may do if it has been filed within 28 days of entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi); *Deng*, 783 F. App'x at 73.

The judgment here entered on October 8, 2019, and 28 days after judgment was November 5, 2019. Jeffreys did not file his Rule 60(b) motion until nearly two weeks later on November 21, 2019. So Jeffreys' filing of a Rule 60(b) motion did not reset the 30-day clock for him to file a notice of appeal, which in turn also means that it did not postpone the 30-day grace period for Jeffreys to file an extension motion.[5]

---

[5] Even if I were to recharacterize Jeffreys' Rule 60(b) motion as some other type of motion that may reset the 30-day clock for filing a notice of appeal, *see* Fed. R. App. P. 4(a)(4)(A)(i)-(v) (listing types of motions that may reset clock

4

Jeffreys labeled his post-judgment motion under Rule 60(b) as a "motion for reconsideration," and it may be true that a timely motion for reconsideration has the effect—distinct from tolling—of rendering an otherwise final judgment to be *non*-final until the district court rules on the reconsideration motion. *See, e.g.*, *Nutraceutical Corp. v. Lambert*, 139 S. Ct. 710, 717 (2019) ("A timely motion for reconsideration filed within a window to appeal does not toll anything; it 'renders an otherwise final decision of a district court not final' for purposes of appeal.") (quoting *United States v. Ibarra*, 502 U.S. 1, 6 (1991)). But the application of this rule turns on the *timely* filing of a motion for reconsideration, and so it is of no help to Jeffreys. Under the Local Rules for the District of Connecticut, he had to file any motion for reconsideration "within seven (7) days of the filing of the decision or order from which such relief is sought." D. Conn. L. Civ. R. 7(c)(1). Instead, Jeffreys waited more than a month after entry of judgment on October 8, 2019, before filing his reconsideration motion on November 21, 2019.

A court may sometimes deem a document that has been filed by a *pro se* litigant to be a notice of appeal even if the document does not formally bear that title. *See, e.g.*, *Deng*, 783 F. App'x at 73. I have considered this option with respect to Jeffreys' post-judgment "motion for reconsideration." But this motion was still not filed within 30 days from entry of the underlying judgment, so it would not serve as a timely notice of appeal even if it were constructively deemed to be one. Nor are there sufficient grounds to deem this motion to be an effective notice of appeal because it does not evince any intent to seek appellate review, much less an extension

---

for filing of notice of appeal), such a motion may operate to extend the date for filing a notice of appeal only if the party files the motion within the time allowed for filing the motion by the Federal Rules of Civil Procedure, *see* Fed. R. App. P. 4(a)(4)(A). So, for example, the deadline to file a notice of appeal may be extended by means of the filing of a Rule 59 motion to alter or amend the judgment, *see* Fed. R. App. P. 4(a)(4)(A)(iv), but such a motion must be filed within 28 days of entry of judgment, *see* Fed. R. Civ. P. 59(e).

of time to do so. *See Haugen v. Nassau Cty. Dep't of Social Servs.*, 171 F.3d 136, 138 (2d Cir. 1999) (*per curiam*) (a document "must specifically indicate the litigant's intent to seek appellate review" to be construed as an effective notice of appeal).

All in all, I conclude that I lack authority to grant the motion for extension of time to file a notice of appeal insofar as Jeffreys wishes to appeal from my ruling granting defendants' motion to dismiss and the judgment that entered thereafter. Jeffreys was required to file any notice of appeal of the underlying judgment by November 7, 2019. If he wished to seek an extension of time to file his notice of appeal of that judgment, he had to file a motion for extension of time within the 30-day grace period—that is, by December 9, 2019. He did not do so. Instead, he waited until December 30, 2019, to file his motion for extension of time to file notice of appeal. Accordingly, I will deny Jeffreys' motion for extension of time to file a notice of appeal as to the underlying judgment that entered on October 8, 2019.

### *Extension of time to appeal from denial of post-judgment motion*

As noted above, I denied Jeffreys' post-judgment motion on November 27, 2019. This motion was labeled by Jeffreys both as a "motion for reconsideration" as well as a motion for relief from judgment under Rule 60(b). Doc. #21. I must first begin by ascertaining the date by which a notice of appeal of my denial of the post-judgment motion was required to be filed. The 30-day period for Jeffreys to file an appeal from my denial of the post-judgment motion elapsed on December 27, 2019. But Jeffreys did not file his notice of appeal until three days later on December 30, 2019.[6] Accordingly, to the extent that Jeffreys seeks to appeal from my denial of his motion for reconsideration, his notice of appeal is not timely filed.

---

[6] Neither of these submissions state an intent to appeal from the denial of the post-judgment motion (as distinct from the earlier entry of judgment), and so it could be argued that Jeffreys has not sought to appeal the denial of the post-judgment motion. But whether Jeffreys has filed a proper notice of appeal is a question for the Second Circuit—not me—to resolve. *See, e.g.*, *Elliott v. City of Hartford*, 823 F.3d 170, 173 (2d Cir. 2016) ("[W]e hold that, in the

But—in contrast to his extension motion to appeal from the entry of the underlying judgment—his extension motion to appeal from my denial of the post-judgment motion has been filed within the 30-day grace period that is allowed under Fed. R. App. P. 4(a)(5)(A)(i). To the extent that Jeffreys seeks to appeal from my denial of his post-judgment motion, Jeffreys has timely filed his motion to extend the time for filing a notice of appeal.

So that leaves me lastly to decide if Jeffreys has established excusable neglect or good cause as required to allow a late-filed appeal under Fed. R. App. P. 4(a)(5)(A)(ii). Of course, *pro se* litigants are generally afforded more latitude with respect to compliance with court rules. But Jeffreys is no stranger to federal court litigation and the need to timely comply with federal court rules. He has prior federal litigation experience, and he has been warned by this Court and the Second Circuit alike about the need to comply with filing rules.[7]

Still, his notice of appeal and extension motion were filed only three days beyond the due date of December 27, 2019 for filing a notice of appeal, and both documents are also postmarked on that same date. Docs. #23-1, #24-1 (envelope postmarks).[8] In light of the minor delay during

---

absence of prejudice to an appellee, we read a *pro se* appellant's appeal from an order closing the case as constituting an appeal from all prior orders."); *Congzhen Ou v. New York City Health & Hosps. Corp.*, 419 F. App'x 21, 22-23 (2d Cir. 2011) (*sua sponte* dismissing *pro se* appeal that was timely as to the denial of Rule 60 post-judgment motion but not as to judgment where the notice of appeal did not reference the post-judgment order but only the judgment of dismissal). My only concern at this time is whether I may grant an extension of time for the filing of the notice of appeal from the denial of the post-judgment motion.

[7] *See Jeffreys v. United Techs. Corp.*, 2008 WL 4371973, at *2 (D. Conn. 2008) (denying Jeffreys' untimely motion for reconsideration of a motion for extension of time to file a notice of appeal, explaining that while "[t]he court is aware that the Plaintiff is acting *pro se*, and does not require or expect him to have the knowledge and intimacy with the court's rules and procedures that an attorney would have," his unrepresented status "does not allow the Plaintiff to wholly ignore the court's rules and procedures with impunity" and "even if he did not know the period of time for filing a motion for reconsideration, it was incumbent upon him to remedy his lack of knowledge," especially "where, as seen from the history of this case, the Plaintiff has proceeded *pro se* for some time, and is (or should be) aware that there are deadlines to which he must adhere."), *aff'd*, 357 F. App'x 370 (2d Cir. 2009) ("we now issue a note of warning to Jeffreys regarding his duplicative filings" and "[w]e wish to caution Jeffreys that since his repeated filings relate to similar facts and issues and are directed at one party, further filings of any complaint or any appeal based on the same facts and issues may result in the issuance of sanctions or other restrictions on his use of the federal court system").

[8] Because Jeffreys was not a prisoner at the time that he filed his notice of appeal, he is not entitled to the benefit of the prison mailbox rule. *See Heckerman v. NYS Div. of Parole*, 461 F. App'x 48, 49 (2d Cir. 2012).

the end-of-year holiday period as well as the health and transportation concerns stated by Jeffreys in his motion for extension of time to file a notice of appeal, I am satisfied that he has shown excusable neglect. *See Hochstadt v. New York State Educ. Dep't*, 547 F. App'x 9, 10 (2d Cir. 2013) (reciting relevant factors).[9] Therefore, I will grant Jeffreys' motion for an extension of time to file a notice of appeal to the extent that Jeffreys' notice of appeal may be interpreted by the Second Circuit to appeal from my order of November 27, 2019, denying Jeffreys' motion for reconsideration and post-judgment relief.

## CONCLUSION

For the foregoing reasons, the Court DENIES in part and GRANTS in part Jeffreys' motion for extension of time to file a notice of appeal. Doc. #23. It denies the motion to the extent that Jeffreys seeks to appeal from the Court's judgment of October 8, 2019, but grants the motion to extent that Jeffreys seeks to appeal from the Court's order of November 27, 2019 denying Jeffreys' post-judgment motion for reconsideration and relief.

It is so ordered.

Dated at New Haven this 8th day of July 2020.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge

---

[9] Some months after Jeffreys filed his motion for extension of time to file notice of appeal, Waterbury filed a memorandum in opposition, which argued that Jeffreys' extension motion was untimely filed and even if it were not, that he had not established good cause to merit granting of the extension motion. Doc. #26 at 2-3. However, Waterbury's submission does not address the excusable neglect standard of Fed. R. App. P. 4(a)(5)(A)(ii), and it does not change the outcome of this analysis.